IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES G. KREUTZBERGER, | ) | |
| | ) | CIVIL ACTION NO. 3:15-119 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, DEPARTMENT OF | ) | |
| CORRECTIONS, AND JOHN E. | ) | |
| WETZEL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.     Introduction**

This case arises from the termination of Plaintiff's employment. Presently before the Court is a motion to dismiss by Defendants Commonwealth of Pennsylvania, Department of Corrections, and John E. Wetzel (ECF No. 8). For the reasons stated below, the Court will **GRANT** Defendants Commonwealth of Pennsylvania, Department of Corrections, and John E. Wetzel's motion to dismiss.

**II.     Jurisdiction**

The Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

**III.    Background**

Plaintiff initiated the instant action by filing a three-count complaint on April 22, 2015. (ECF No. 1.) Plaintiff alleges the following facts in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motions.

Plaintiff began his employment with Defendant Commonwealth of Pennsylvania, Department of Corrections, on November 4, 1996, and was continuously employed until March 18, 2014. (*Id.* ¶ 11.) Plaintiff consistently received commendable and outstanding employee-performance reviews over the course of his eighteen years of employment with Defendant Commonwealth of Pennsylvania, Department of Corrections. (*Id.*)

In Count I of his complaint, Plaintiff asserts a claim for age discrimination. (*Id.* ¶¶ 13-22.) In support thereof, Plaintiff avers that he was terminated based upon his age because he was qualified to perform his job and had done so satisfactorily. (*Id.* ¶¶ 14-15.) Plaintiff states that he was treated unfairly on several occasions while employees who were not members of the age-protected class were not treated negatively. (*Id.* ¶ 16.) Plaintiff alleges that his termination was based upon his age because he had more experience, training, and education than the remaining younger employees. (*Id.* ¶ 17.)

In Count II of his complaint, Plaintiff asserts a claim for disability discrimination. (*Id.* ¶¶ 23-32.) In support thereof, Plaintiff avers that his work performance was equal or superior to other employees and that he suffers from degenerative lumbar disc disease, which affects one or more of his major life functions and daily life activities. (*Id.* ¶¶ 25-26.) Plaintiff states that he is limited in major life activities during periods of severe pain and is unable to perform certain physical activities. (*Id.* ¶ 27.) Plaintiff alleges that he

2

could perform the essential functions of his job as a Corrections Facility Maintenance Manager. (*Id.* ¶ 28.) Defendants were aware of Plaintiff's medical disability and knew that Plaintiff could perform the essential functions of his job with reasonable accommodations. (*Id.* ¶¶ 29-30.) Plaintiff avers that Defendants denied him equal employment opportunities because of his disabilities. (*Id.* ¶ 31.)

In Count III of his complaint, Plaintiff asserts a claim for infliction of emotional distress. (*Id.* ¶¶ 33-40.) In support thereof, Plaintiff avers that seven disciplinary violations were charged against him on January 10, 2014. (*Id.* ¶ 34.) Following a meeting on January 16, 2014, three of the seven charges were dismissed. (*Id.* ¶¶ 35, 37.) Plaintiff alleges that Defendant Wetzel implemented a substandard policy concerning the investigation that led to the suspension of Plaintiff's duties. (*Id.* ¶¶ 36, 38.) Plaintiff states that Defendants' conduct was knowing, intentional, and malicious. (*Id.* ¶ 40.) Plaintiff further avers that he has suffered mental anguish as a result of the unsubstantiated disciplinary charges and his subsequent dismissal. (*Id.* ¶ 39.)

On August 19, 2015, Defendants filed a motion to dismiss and a brief in support of their motion. (ECF Nos. 8, 9.) Plaintiff filed his response and a brief in opposition to Defendants' motion on September 8, 2015. (ECF Nos. 11, 12.) The parties have fully briefed the Court on the pending motion, and this matter is now ripe for adjudication.

**IV.  Applicable Law**

Defendants have filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require

3

that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See id.* at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

4

Ultimately, whether a plaintiff has pleaded a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

V. **Discussion**

Defendants argue that Plaintiff's complaint is insufficient because his claims are barred by the doctrine of sovereign immunity. (ECF No. 9 at 2.) The Court will separately address Plaintiff's claims.

A. **Plaintiff's Federal-Law Claims, Counts I and II**

Defendants state that Count I of Plaintiff's complaint arises under the Age Discrimination in Employment Act ("ADEA"). (*Id.* at 3-4.) Defendants explain that the Eleventh Amendment prohibits actions from being brought in federal court when they are filed against a state or one of its agencies for money damages. (*Id.* at 4.) Because Pennsylvania expressly withheld its consent to such actions when it enacted its exceptions to sovereign immunity, Defendants assert that Plaintiff's claim is barred. (*Id.*) Similarly,

5

Defendants argue that Count II must be dismissed because the Eleventh Amendment bars actions seeking money damages against a state for an alleged failure to comply with the Americans with Disabilities Act ("ADA"). (*Id.* at 4-5.) Additionally, Defendants contend that Plaintiff's claims must be dismissed because the ADEA and the ADA do not provide for individual liability. (*Id.*)

In response, Plaintiff argues that his claim cannot be dismissed because the parties have not yet commenced the discovery process. (ECF No. 11 at 5.) He contends that Defendants' motion is premature because the "test" for dismissal "is whether [Plaintiff] is entitled to offer evidence to support the claim" and that he will offer evidence in support of his claim through discovery. (*Id.* at 5-6.) Plaintiff also asserts that he received notice from the United States Department of Justice on January 29, 2015, that he had the right to institute an action under the ADEA. (*Id.* at 5, 9.)

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. The Eleventh Amendment precludes private federal litigation against a state and its agencies. *Hans v. Louisiana*, 134 U.S. 1, 15-16 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). Only two exceptions apply where an individual may file an action against a state. First, Congress may authorize an action to enforce the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). Second, a state may waive its sovereign

6

immunity and consent to a suit. *Clark v. Barnard*, 108 U.S. 436, 447-48 (1883). Neither exception applies in this case because the Commonwealth has explicitly reserved its right to immunity from suit in federal court. 42 Pa.C.S. § 8521(b).

It is well established that the Eleventh Amendment bars suits against states and state agencies alleging claims under the ADEA. *See Kimel*, 528 U.S. at 91 ("We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."); *Shahin v. Delaware*, 424 F. Appx. 90, 92 (3d Cir. 2011) ("The Supreme Court has held, however, that the ADEA does not abrogate the states' Eleventh Amendment immunity to suits by private individuals for damages."). The Department of Corrections is an arm of the state and is therefore immune under the Eleventh Amendment. *See Lavia v. Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000); *O'Donnell v. Pennsylvania Dep't of Corrections*, 790 F. Supp. 2d 289, 297 n.8 (M.D. Pa 2011). This immunity extends to the individual defendants, as employees of the Department of Corrections, to the extent that they are sued in their official capacities. *See Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). The Court will therefore dismiss Plaintiff's ADEA claim against Defendants. *See, e.g., Naugle v. Pa.*, No. 11-CV-244, 2012 U.S. Dist. LEXIS 76388, at *5 (W.D. Pa. June 1, 2012) (dismissing ADEA claim against the state); *Delie v. Pennsylvania*, No. 11-CV-1424, 2012 U.S. Dist. LEXIS 12203, at *4-5 (W.D. Pa. Feb. 1, 2012) (dismissing the plaintiff's ADEA claim against the Commonwealth's Department of Corrections because "her allegations under the ADEA against Defendant, a state agency, cannot withstand scrutiny under the Eleventh Amendment"); *Davis v. Commonwealth*, No. 01-CV-3091, 2002 U.S. Dist. LEXIS 3357, at *7-9 (E.D. Pa. Feb. 22, 2002) (dismissing ADEA claim).

It is also well settled that the Eleventh Amendment bars suits against states and state agencies alleging claims under the ADA. *See Banks v. Court of Common Pleas FJD*, 342 F. Appx. 818, 820-21 (3d Cir. 2009) ("[S]uits seeking money damages against the state for an alleged failure to comply with Title I of the ADA are barred by the Eleventh Amendment."); *O'Donnell*, 790 F. Supp. 2d at 305 (holding that the Eleventh Amendment bars suits against the Commonwealth and its subsidiary agencies brought pursuant to the ADA). This immunity extends to the individual defendants, as employees of the Department of Corrections, to the extent that they are sued in their official capacities. *See Seminole Tribe*, 517 U.S. at 54. The Court will therefore dismiss Plaintiff's ADA claim against Defendants. *See, e.g.*, *Patterson v. Pa. Office of Inspector Gen.*, 243 Fed. Appx. 695, 696 (3d Cir. Pa. 2007) (affirming the dismissal of the plaintiff's ADA claim as barred by the Eleventh Amendment); *Davis*, 2002 U.S. Dist. LEXIS 3357, at *13 ("Plaintiff's Title I claim is also barred by the Eleventh Amendment because the Commonwealth's sovereign immunity has not been waived or abrogated for claims under Title I of the ADA.").

**B.     Plaintiff's State-Law Claim, Count III, and Supplemental Jurisdiction**

Defendants argue that Plaintiff's state-law claim for intentional infliction of emotional distress in Count III of his complaint is insufficient because Commonwealth employees acting within the scope of their employment or duties are protected by sovereign immunity from the imposition of liability for intentional tort claims. (ECF No. 9 at 5-6.) In support of their argument, Defendants note that Plaintiff's allegations are against them "'as agents of and acting within the scope of their authority and under the color and pretense of the statutes, regulations, customs, and usages of the Commonwealth

8

of Pennsylvania.'" (*Id.* at 6 (quoting ECF No. 1 ¶ 10).) Defendants also note that Plaintiff has alleged that they acted "'knowingly, intentionally, and maliciously.'" (*Id.* at 6-7 (quoting ECF No. 1 ¶ 40).)

In response, Plaintiff argues that his claim cannot be dismissed because the parties have not yet commenced the discovery process. (ECF No. 11 at 5.) Plaintiff claims that because he will offer evidence in support of his claim through discovery, Defendants' motion must be denied as premature. (*Id.* at 5-6.)

The Court need not address the parties' arguments because this Court only has jurisdiction over this state-law claim pursuant to supplemental jurisdiction. Jurisdiction over supplemental state-law claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). As to § 1367(c)(3), "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

For the reasons set forth above, Plaintiff has failed to plead any claims over which this Court has original jurisdiction. Moreover, the Court does not find that an affirmative

9

justification for exercising jurisdiction over the state-law claim is present in this case. The Court therefore "must" decline to exercise supplemental jurisdiction over the pendent state-law claims, without prejudice to Plaintiff's ability to re-file his claim in state court. *See* 28 U.S.C. § 1367(d) (providing for at least a thirty-day tolling of any applicable statute of limitation to allow a plaintiff time to re-file state-law claims in state court).

C.     **Leave to Amend**

The law is well settled that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014).

The Court finds that any amendment to Plaintiff's federal-law claims contained in Counts I and II will be futile pursuant to the well-settled law discussed *supra*, Part V, Section A. *See, e.g., Naugle*, 2012 U.S. Dist. LEXIS 76388, at *6 (dismissing the plaintiff's ADEA claim with prejudice as barred by the Eleventh Amendment); *Kerstetter v. Pa. Dep't of Corr. Sci-Coal Twp.*, No. 08-CV-1984, 2009 U.S. Dist. LEXIS 37921, at *17 (M.D. Pa. May 5, 2009) (dismissing the plaintiff's ADEA claim with prejudice as barred by the Eleventh Amendment); *Davis*, 2002 U.S. Dist. LEXIS 3357, at *14 (dismissing the plaintiff's ADA and ADEA claims without leave to amend).

With regard to Plaintiff's state-law claim contained in Count III, the issue of amendment of the complaint does not arise as the Court has declined to exercise jurisdiction over Count III, because the claims over which this Court has original jurisdiction has been dismissed. However, as discussed above, Plaintiff's ability to re-file his claim in state court will not be prejudiced.

**VI. Conclusion**

For the reasons stated above, the Court will dismiss Counts I and II of Plaintiff's complaint with prejudice. The Court will decline to exercise supplemental jurisdiction over Count III without prejudice to Plaintiff's ability to re-file his state-law claim in state court.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES G. KREUTZBERGER, | ) | |
| | ) | CIVIL ACTION NO. 3:15-119 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF CORRECTIONS, AND JOHN E. WETZEL, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 29th day of January, 2016, upon consideration of Defendants Commonwealth of Pennsylvania, Department of Corrections, and John E. Wetzel's motion to dismiss (ECF No. 8), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED** as follows:

(1) Counts I and II of Plaintiff's complaint are dismissed with prejudice.

(2) The Court declines to exercise supplemental jurisdiction over Count III of Plaintiff's complaint, without prejudice to Plaintiff's ability to re-file his state-law claim in state court.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE